UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JORGE GABIEL ESPOINOZA-
VALLECIL,

                    Plaintiff,

v.

AARON R. DUNGY, et al.,

                    Defendants.

_____/

Case No. 1:25-cv-1622

Honorable Phillip J. Green

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has also filed a motion seeking immediate release from prison without conditions. (ECF No. 2.)  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID.9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Id.* at 350.  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  *Id.* (citations omitted).  That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Id.* at 351.  Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal.  *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c).  That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.  Moreover, the Court will deny Plaintiff's motion seeking immediate release.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan.  Plaintiff sues the following members of the Michigan Parole Board. Aaron R. Dungy; Brian J. Shipman; Timothy S. Flanagan; Caitlin A. McGinn; and Crissa D. Blankenburg. Plaintiff sues each Defendant in his or her personal capacity.

Plaintiff is serving a sentence of 7 to 15 years' imprisonment for reckless driving causing death in violation of Mich. Comp. Laws § 257.6264. See MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=525802 (last visited Mar. 9, 2026).  Under Michigan's indeterminate sentencing system, Plaintiff's earliest release date—the date he first became eligible for parole—was February 10, 2021; Plaintiff's maximum discharge date—the date he will complete the entire maximum sentence of 15 years—is August 10, 2032. *Id.*

Plaintiff contends that each Defendant has played some role in failing to release him on parole.  (Compl., ECF No. 1, PageID.3.)  Plaintiff contends that Defendants' actions violate Plaintiff's rights under MDOC Policy Directives, state law, and the federal Second Chance Act.  Plaintiff claims that Defendants' failure to parole him renders his sentence cruel and unusual punishment in violation of the Eighth Amendment.

4

Plaintiff seeks immediate release from incarceration along with clothing, transportation, and $500.00 on his release date.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.   Plaintiff has no Right to Parole

The Court construes Plaintiff's complaint to raise a procedural due process claim regarding his right to receive parole. (*See* Compl., ECF No. 1, PageID.3 (stating that by denying him parole, Defendants have interfered with his "life and liberty").)

To establish a procedural due process violation, a plaintiff must show that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). To the extent that Plaintiff raises a procedural due process claim based on a right to parole, he fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. Indeed, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at

6

7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the United States Court of Appeals for the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011).  In *Crump*, the Sixth Circuit held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole.  *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).  In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge.  *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010).  Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, Plaintiff has no reasonable expectation of liberty until he has served his maximum sentence, which is 15 years.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained."  *Greenholtz*, 442 U.S. at 11.  Thus, any failure or refusal by the Michigan Parole Board to consider Plaintiff for, or grant him, parole does not implicate a federal

right.  In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.  Accordingly, Plaintiff's Fourteenth Amendment procedural due process claim will be dismissed for failure to state a claim.

## IV.    Plaintiff's Sentence is not Cruel and Unusual

Plaintiff claims that the denial of parole constitutes cruel and unusual punishment in violation of the Eighth Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.   Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; s*ee also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).   Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).  As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim."  *Id*.

Plaintiff's allegations regarding the denial of parole do not involve the unnecessary and wanton infliction of pain as is required to state a claim under the Eighth Amendment.  *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118, at *3 (6th Cir. Sept. 19, 2003) (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).  *See also Johnson v. Booker*, No. 08–CV–12726, 2008 WL 3020878, [at] *2 (E.D. Mich. Aug. 4, 2008) (rejecting similar challenge to parole denial); *accord Lee–Bryant v. Sindles*, No. 2:08–CV–121, 2009 WL 528959, [at] *4 (W.D. Mich. March 2, 2009) (adopting magistrate judge's report).  The denial of parole is a disappointment rather than a punishment of cruel and unusual proportions.  *Carnes*, 2003 WL 22177118, at *3; *Smith v. Heyns*, No. 12-11373, 2013 WL 3944474, at *9 (E.D. Mich. July 31, 2013) (citations omitted).  Accordingly, Plaintiff's Eighth Amendment claim is properly dismissed for failure to state a claim.

## V. The Michigan Parole Board did not Violate the Federal Second Chance Act

The entirety of Plaintiff's Second Chance Act claim reads as follows: "On April 13, 2024, Aaron R. Dungy and Brian J. Shipman issue[d] a 12 months['] continuance against me in violation of the second chance act under federal law."  (Compl., ECF No. 1, PageID.3.)  Plaintiff also attaches three specific statutory sections impacted by the Act: 18 U.S.C. §§ 3621, 3624, and 3632.  (ECF No. 1-1, PageID.37–47.)

"Congress enacted the Second Chance Act to improve prisoner reentry into society and reduce recidivism, *see* Pub. L. No. 110-199, 1222 Stat. 657 (2008) (codified as amended at 18 U.S.C. §§ 3621, 3624)."  *Sclafani v. Kane*, No. 20-cv-0463 (EK (VMS), 2020 WL 4676414, at *3 (E.D.N.Y. Aug. 12, 2020).  But, "the Act did not . . .

9

give prisoners an enforceable liberty interest." *Id*.  Moreover, the Act applies to prisoners of the Federal Bureau of Prisons, not state prisoners.  Accordingly, Plaintiff has failed to state a claim for violation of the Second Chance Act.

## VI.    Violation of Michigan Law or MDOC Policy Directives

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertions that Defendants violated state law or MDOC policy directives, therefore, fails to state a claim under § 1983.

## VII.    Plaintiff is not entitled to Immediate Release

As set forth above, Plaintiff has failed to state any claim upon which relief may be granted.  For that reason, he is not entitled to immediate release.  Plaintiff's motion seeking immediate release will be denied.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal

10

would be frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962).  Accordingly,

the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.

Dated:  <u>March 11, 2026</u>          <u>/s/ Phillip J. Green</u>
                                              PHILLIP J. GREEN
                                            United States Magistrate Judge